IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PACIFIC MARINE MAINTENANCE CO.,<br><br>      Plaintiff,<br>  v.<br>AUTOMOTIVE INDUSTRIES PENSION PLAN,<br><br>      Defendant<br>_____/ | No. C-07-4584 MMC<br><br>**ORDER DENYING PLAINTIFF'S APPLICATION FOR TEMPORARY RESTRAINING ORDER AND FOR ORDER TO SHOW CAUSE RE: ISSUANCE OF PRELIMINARY INJUNCTION** |

Before the Court is plaintiff's "Application for Temporary Restraining Order and Order to Show Cause Re Issuance of Preliminary Injunction," filed September 5, 2007. Having reviewed the papers submitted in support of the application, the Court hereby DENIES the application for the following reasons:

1. Plaintiff has not submitted proof that plaintiff has provided defendant with notice of the instant application, nor has plaintiff set forth any reason why defendant should not be entitled to notice. See Fed. R. Civ. P. 55(b).

2. Even assuming plaintiff has established a likelihood of success on the merits of its claim or, alternatively, has raised serious questions going to the merits of its claim,[1] see

---

[1] The complaint, which focuses on the relief sought, is vague as to the precise nature of plaintiff's substantive claim. Although plaintiff refers to a "violation of ERISA § 4301," such section merely provides for a cause of action where one is "adversely affected by the act or omission of any party under [ERISA]." See 29 U.S.C. § 1451(a)(1). For purposes of the instant application, the Court has interpreted the complaint as a claim that defendant has improperly charged plaintiff with having withdrawn from the subject plan.

1  E. & J. Gallo Winery v. Andina Licores S.A., 446 F. 3d 984, 990 (9th Cir. 2006), plaintiff has
2  failed to demonstrate a possibility of irreparable harm or, that the balance of hardships tips
3  sharply in its favor.  Rather, plaintiff states in the most general and conclusory fashion that
4  if plaintiff were to make the first challenged quarterly payment, plaintiff might be unable to
5  continue in or expand its business.  (See McLeod Decl. ¶ 11.)  Moreover, plaintiff has made
6  no showing that it would suffer any harm if it does not make the challenged quarterly
7  payment.[2]

8  **IT IS SO ORDERED.**

10  Dated:  September 5, 2007

   MAXINE M. CHESNEY
11                                                           United States District Judge

---

27  [2] If acceleration of the total amount claimed due is the harm plaintiff seeks to avoid, the Court notes that such possible consequence is unlikely to occur until at least 60 days have passed from the date plaintiff receives notice from defendant that plaintiff has failed to
28  make a quarterly payment.  See 29 U.S.C. § 1399(c)(5).

2